# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 24-50830
Summary Calendar

—————————

United States of America,

Plaintiff—Appellee,

versus

Jose Concepcion Reyna-Nino,

Defendant—Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2025

Lyle W. Cayce
Clerk

—————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-3146-1

—————————————————————

Before Wiener, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jose Concepcion Reyna-Nino appeals his conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326. For the first time on appeal, he argues that the recidivism enhancement in § 1326(b) is unconstitutional because its application allowed a supervised release term above the otherwise-applicable statutory maximum, based on facts that were

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

neither alleged in the indictment nor found by a jury beyond a reasonable doubt. The Government has moved for summary affirmance or, alternatively, for an extension of time to file its brief. While Reyna-Nino takes no position on the Government's motion, he acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and seeks to preserve it for possible Supreme Court review.

Reyna-Nino is correct that his argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is thus appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.